■ In the Matter of the PENN CENTRAL COMPANY, Respondent, v. WILLIAM JOHNSTON, JR., et al., Constituting the Zoning Board of Appeals of the Town of Bethlehem, Appellants.— GREENBLOTT, J. Appeal from a judgment of the Supreme Court at Special Term, entered December 30, 1968, which annulled a determination of the appellant Zoning Board of Appeals in a proceeding under CPLR, article 78, and granted petitioner's application for a permit to construct sleeping and eating facilities. In September, 1968, the Building Inspector denied respondent's application for a permit for the construction on its property immediately adjacent to the Selkirk Classification Yard of a structure to provide sleeping and eating facilities for its crews who are compelled to lay over at Selkirk in between train assignments. The structure which the railroad sought to erect was a motel-type building containing 50 rooms, all on ground level, and adjacent thereto, a small structure in which meals would be prepared and served. The restaurant would be available for the use of patrons other than railroad employees. The application for a building permit was rejected by the Building Inspector on the ground that the proposed structure would constitute a residential use of property which was zoned "Heavy Industrial" and was, therefore, prohibited by the ordinance. An application for a variance was then denied after a hearing. The ordinance provides as follows: "No building or land shall be used and no building shall be erected or structurally altered, which is arranged, intended or designed to be used for other than one or more of the following uses with the provisions that (1) additional dwellings and accessory buildings may be erected on the same lot provided that the Housing Density, Percentage of Lot Occupancy, and other requirements are not exceeded; and that (2) *the uses permitted in any District shall also be applicable to a District of a lower classification.*" (Emphasis supplied.) The uses permitted in the "Heavy Industrial" zone are as follows: "1. *Any nonresidential use permissible and as regulated in business districts and light industrial districts* and, in addition, uses such as: 'a. Wholesale lumber, fuel, and oil establishments. b. Manufacturing of any description utilizing processes free from neighborhood-disturbing odors and/or agencies.'" (Emphasis supplied.) The appellant contends that the proposed facility is a residential use requiring a variance. We cannot agree. The contemplated structure is obviously a motel or hotel with restaurant attached, or a boardinghouse — all of which are commercial uses. "Residential", in its commonly accepted understanding, indicates a factual place of abode, or living in a place for a long time. There is no evidence that any of the layover crews intended or would be permitted to make this facility their home. On the contrary, the only evidence before the board indicated that it was intended merely as a resting place between train assignments and limited for the use of crew members whose homes were not within the area. We conclude, therefore, that the use sought to be made of its property by the respondent is a nonresidential use, permissible under the terms of the Zoning Ordinance of the Town of Bethlehem. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Greenblott, J.